IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff-Respondent, | § § | |
| V. | § § | CRIMINAL ACTION NO. H-06-89-5 |
| ERIC VASQUEZ, | § § | |
| Defendant-Movant | § § | |

## ORDER

Pending before the Magistrate Judge upon referral from the District Judge is Movant's § 2255 Motion, which had been stayed pending resolution by the Fifth Circuit Court of Appeals of Movant's Motion for New Trial. In an opinion filed July 15, 2010, the Fifth Circuit affirmed Judge Harmon's Order denying Movant's request for a new trial based upon newly discovered evidence in the form of a sworn statement from a nontestifying codefendant, Bonifacio Hernandez. Because the Fifth Circuit has ruled on Movant's appeal, the stay of proceedings is no longer necessary. The Government shall respond to Movant's § 2255 motion within sixty days of entry of this Order. The Clerk shall provide the United States and Movant with a copy of the Fifth Circuit's opinion.

Signed at Houston, Texas, this 19th day of July, 2010.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 15, 2010

No. 09-20827
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                 Plaintiff-Appellee

v.

ERIC VASQUEZ,

                 Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-89-5

Before JONES, Chief Judge, and DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

 Eric Vasquez, federal prisoner # 39435-179, appeals the district court's denial of his post-trial, post-appeal FED. R. CIV. P. 33 motion for a new trial. We review the district court's denial for an abuse of discretion. *United States v. Sipe*, 388 F.3d 471, 492-93 (5th Cir. 2004).

 Vasquez based his motion for a new trial upon newly discovered evidence in the form of a sworn statement from a nontestifying codefendant, Bonifacio Hernandez, to the effect that Vasquez did not participate in the conspiracy to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case 4:06-cr-00089   Document 512   Filed in TXSD on 07/19/10   Page 3 of 3
Case: 09-20827   Document: 00511174593   Page: 2   Date Filed: 07/15/2010

No. 09-20827

possess with the intent to distribute cocaine and in fact had no knowledge of the cocaine. A defendant moving for a new trial must show that: (1) the evidence is newly discovered and was unknown to him at the time of trial; (2) the defendant's failure to discover the evidence was not due to a lack of diligence; (3) the evidence is material, not merely cumulative or impeaching; and (4) the evidence would probably produce acquittal at a new trial. *United States v. Freeman*, 77 F.3d 812, 817 (5th Cir. 1996).

First, because defense counsel was aware of Hernandez's proposed testimony prior to trial, the evidence was not newly discovered. *See United States v. Desir*, 273 F.3d 39, 44 (5th Cir. 2001). Second, there is no indication in the record that Vasquez exercised diligence in obtaining Hernandez's statement. Third, Hernandez's proffered testimony would not probably result in an acquittal. Accordingly, the district court did not abuse its discretion in denying the motion for a new trial. *See Freeman*, 77 F.3d at 817.

AFFIRMED.