UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC VASQUEZ | § | |
| | § | |
| Petitioner | § | CRIMINAL ACTION NO. 4:06-CR-89-5 |
| VS. | § | CIVIL ACTION NO. 4:10-CV-1392 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## OPINION AND ORDER

Pending before the Court is Movant Eric Vasquez's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 497), to which the Government responded and filed a Motion to Dismiss. Doc. 522. The Magistrate Judge recommended that the Government's Motion to Dismiss be granted and that Vasquez's § 2255 Motion be denied. Doc. 532. Vasquez has filed objections to the Magistrate Judge's Memorandum and Recommendation. Doc. 537.

Vazquez alleges that his counsel was constitutionally ineffective for failing to interview co-defendants who would have offered allegedly exculpating testimony, failing to advise him how his sentence would be calculated thus rendering his plea involuntary, failing to adequately inform him of the benefits of a guilty plea under the Federal Sentencing Guidelines, failing to object to improper jury instructions, and for the cumulative impact of his counsel's errors. Doc. 497.

The Magistrate Judge considered Vazquez's allegations and determined that he did not satisfy the requirements to establish constitutionally defective counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Doc. 532. The Magistrate Judge found that for each instance of allegedly ineffective counsel, Vazquez had failed to demonstrate actual deficiency in his counsel's conduct or that the deficiency caused him prejudice or both. *Id.* Vazquez objects to the portions of the Memorandum and Recommendation addressing his counsel's failure to interview

1 / 5

co-defendants, whether his counsel adequately informed him of the potential benefits of a guilty plea under the sentencing guidelines, and his counsel's failure to object to allegedly improper jury instructions. Doc. 548.

Having considered all applicable motions and the evidence in support thereof, the Magistrate Judge's Memorandum and Recommendation, Vazquez's objections, the record of the case, and all applicable law, the Court adopts the Magistrate Judge's Memorandum and Recommendation as its own, except that portion dealing with Vazquez's allegations of ineffective assistance of counsel for counsel's failure to inform Vazquez of the benefits of a guilty plea and failure to interview co-defendant Bonifacio Hernandez, for which the Court finds that an evidentiary hearing is needed.

### 1. Vazquez suffered no prejudice by the allegedly improper jury instructions

In his § 2255 Motion, Vazquez contends that his "Counsel was ineffective when he failed to object to the improper jury instructions that allowed the jury to draw an[] inference on Petitioner's Fifth Amendment silence during the jury instruction." Doc. 497 at 8. When instructing the jury at the close of trial, this Court stated that "no inference whatever may be drawn from the election of a defendant to testify." The instruction to which the parties agreed stated that "no inference whatever may be drawn from the election of a defendant *not* to testify." *See* Doc. 532 at 9. Neither side objected to the erroneous instruction when given. *Id.*

Vazquez raised this issue on appeal and the Fifth Circuit found that Vazquez was not prejudiced by this Court's misstatement. This Court agrees with the Magistrate Judge that the Fifth Circuit's determination that Vazquez suffered no prejudice by the jury instruction is conclusive as to this claim. As the Magistrate Judge stated, "this Court is not in a position to revisit an issue that has been decided on appeal in a § 2255 motion." Doc. 532 at 26 (citing

*United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is well settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."). Vazquez's objection on this ground is denied.

2. Factual Issues Relating to Counsel's Alleged Failure to Inform Vazquez of the Sentencing Guidelines and to Interview Co-Defendant Bonifacio Hernandez

With respect to Vazquez's contention that his counsel was constitutionally deficient by failing to inform him of the benefits of a guilty plea and interview co-defendant Bonifacio Hernandez to determine whether he could offer exculpatory evidence at trial, the Magistrate Judge found that such a failure did not cause Vazquez prejudice within the meaning of *Strickland*. Doc. 546 at 22 (citing *Strickland v. Washington*, 466 U.S. 668). The Magistrate Judge noted that Vazquez counsel, John Riley Friesell, submitted affidavit testimony that he had a conversation with Vazquez, subsequently memorialized in a letter, translated into Spanish and sent to Vazquez, in which he "explained the Guidelines and distinguished the sentencing consequences under the guidelines between going to trial and pleading guilty." Doc. 532 at 25. Mr. Friesell also declares that he did confer with Hernandez's counsel, Mr. David Adler, who informed him that Hernandez had no exculpatory testimony. *Id.*

Vazquez has submitted his own affidavit testimony that Friesell did not inform him of the impact of a guilty plea under the Federal Sentencing Guidelines, nor respond to Vazquez's requests that he interview Bonifacio Hernandez and Herman Arias. Vazquez also has introduced Bonifacio Hernandez's affidavit testimony in which he declares that he advised his attorney, David Adler, that he had exculpatory testimony to offer at Vazquez's trial. Doc. 498 at 41.

"Criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution and failure to do so constitutes ineffective assistance of counsel

under the sixth and fourteenth amendments."[1] Here, Vazquez has introduced affidavit evidence supporting his claim that his counsel failed to inform him of the benefits of a guilty plea under the Guidelines and failed to interview a co-defendant with potentially exculpatory testimony. The Magistrate Judge relied on Friesell's affidavit testimony to determine that Friesell adequately informed and counseled Vazquez about the Sentencing Guidelines and consulted with Mr. Adler regarding Mr. Hernandez's potential testimony. Doc. 532 at 23. Vazquez points out that "contested fact issues in § 2255 cases must be decided on the basis of an evidentiary hearing, not affidavits." *Montgomery v. United States*, 469 F.2d 148, 150 (5th Cir.1972). Although the Court would agree with the Magistrate Judge's determination of these issues if the facts were not in question, but a disputed issue of material fact exists as to which affiant is credible. The Court therefore must hold a hearing to determine the credibility before it can rule on the Magistrate Judge's memorandum and recommendation.

Because the Court cannot determine that Vazquez did not receive constitutionally deficient counsel under the standard of *Strickland v. Washington* on the record currently before it, the Court hereby

**ORDERS** Movant Eric Vazquez and his former counsel, John Riley Friesell, to appear before the Court for an evidentiary hearing on October 12, 2012 at 1:30 p.m., Courtroom 9C, to determine the validity of Vazquez's claim that counsel failed to inform him of the implications of the Federal Sentencing Guidelines and failed to investigate potentially exculpatory testimony.

---

[1] *Sanchez v. Quarterman*, 2008 WL 465365, *5 (S.D.Tex. Feb. 18, 2008) (citing *United States v. Blaylock*, 20 F.3d 1458, 1465-66 (9th Cir.1994); *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435 (3rd Cir.1982); *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir.1995) ("[a]lthough we agree that failing to inform the defendant of a plea offer could amount to ineffective assistance of counsel, we find that the record in the present case adequately supports the state court finding that Teague knew of the plea offer and specifically rejected it"); *Johnson v. Duckworth*, 793 F.2d 898, 902 (7th Cir.1986) ("we fully agree with Johnson that in the ordinary case criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution, and that failure to do so constitutes ineffective assistance of counsel under the sixth and fourteenth amendments").

The Court further

**ORDERS** that the US Attorney's Office immediately provide an ASR (USA Form 475) to the US Marshal's Office and arrange transport of Defendant Eric Vasquez, US Marshal Number 39435179, from BOP, Fort Dix, New Jersey, to Houston for the Evidentiary Hearing.

SIGNED at Houston, Texas, this 20th day of September, 2012**.**

MELINDA HARMON
UNITED STATES DISTRICT JUDGE